IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| In re:<br><br>TOM A. FLOYD &<br>EVELYN L. FLOYD,<br><br>　　　　　　Debtors.<br>――――――――――――――<br>JEREMY GUGINO, trustee,<br><br>　　　　　　Appellant,<br><br>vs.<br><br>KEVIN ROWLEY, an individual,<br><br>　　　　　　Appellee.<br>―――――――――――――― | Bk. Case No. 1:13-bk-02134-TLM<br><br><br><br><br><br><br><br>**MEMORANDUM DECISION<br>AND ORDER**<br><br>Case No.  1:15-cv-00583-EJL |

## INTRODUCTION

Pending before the Court in the above-entitled matter is Defendant-Appellant Kevin Rowley's appeal from the decision of Bankruptcy Judge Terry L. Myers in favor of the Plaintiff-Appellee. The matter is now ripe for the Court's review. Having fully reviewed the record herein, the Court finds that the facts and legal arguments are adequately presented in the briefs and record.  Accordingly, in the interest of avoiding further delay, and because the court conclusively finds that the decisional process would not be significantly aided by oral argument, this matter shall be decided on the record before this court without oral argument.

## FACTUAL BACKGROUND

On October 18, 2013, the Debtors Tom and Evelyn Floyd filed a voluntary chapter 7 bankruptcy petition. The Trustee, Jeremy Gugino, filed a complaint initiating an adversary proceeding against the Defendant Kevin Rowley raising several basis for recovery. On November 10, 2015, Judge Myers issued a decision dismissing all but one of the Trustee's claims for recovery. On that lone remaining claim, constructive fraudulent transfer under 11 U.S.C. § 548(a)(1)(B), Judge Myers found in favor of the Trustee. (Dkt. 7-1 at 206-226.) Specifically, Judge Myers concluded that the Trustee had shown the Debtors' transfer of two assets – real property located at 5426 Hwy. 95, New Meadows, Idaho and a 2005 GMC pickup truck – were fraudulent under § 548(a)(1)(B) because the Debtors received less than reasonably equivalent value.

Defendant appeals asking this Court to review that conclusion. (Dkt. 5.)[1] Defendant maintains there is ample evidence to support the finding that Debtors received reasonably equivalent value in exchange for the transfer of the assets and, therefore, the transfer is not avoidable under § 548(a)(1)(B). (Dkt. 5.) The Trustee counters that the Bankruptcy Court did not err in determining the transfers lacked reasonably equivalent value. (Dkt. 6.)

## STANDARD OF REVIEW

Factual findings of the Bankruptcy Court are reviewed by this court by applying a "clearly erroneous" standard. Fed. R. Bankr. P. 8013. As a general rule, the Court will not

---

[1] Defendant filed a Motion for Extension of Time to File Appellant's Opening Brief. (Dkt. 4.) The Court has reviewed the same and finds good cause was shown to grant the requested extension. Defendant has timely filed his opening appellant's brief. No reply brief was filed.

consider an issue raised for the first time on appeal. *United States v. Robinson*, 20 F.3d 1030 (9th Cir. 1994). Legal conclusions of the Bankruptcy Court are subject to a *de novo* review by this Court. Fed. R. Bankr. P. 8013.

## ANALYSIS

**1.      Appeal from Bankruptcy Court**

The constructive fraudulent transfer claim made under § 548(a)(1)(B) requires the Trustee to show, by a preponderance of the evidence, 1) a transfer of Debtors' property or Debtors' incurrence of an obligation within two years of the filing of their bankruptcy petition; 2) Debtors received less than reasonably equivalent value in exchange for the transfer or obligation; and 3) Debtors were insolvent on the date of the transfer or obligation, or the transfer or obligation caused Debtors to become insolvent. (Dkt. 7-1 at 222) (citing cases). The parties do not dispute these elements and agree that only the second element is at issue in this case. (Dkt. 5, 6.)[2]

Defendant argues that ample evidence supports a finding that Debtors received reasonably equivalent value in exchange for the transfers and the Bankruptcy Court erred in overlooking the value received by the Debtor from the Defendant's forbearance in collection efforts which allowed the Debtors to continue their business for approximately nine months. (Dkt. 5.) The Trustee asserts the Bankruptcy Court properly weighed the lack of any

---

[2] As the Defendant notes, it appears the Bankruptcy Court's decision mistakenly stated only the third element was at issue. (Dkt. 5 at 3.) The Court agrees that the Bankruptcy Court's opinion intended to state "Only the second element is at issue." (Dkt. 7-1 at 222-226.)

evidentiary value of the Defendant's forbearance with the clear value of the assets transferred. (Dkt. 6 at 10.)

This Court has conducted a review the parties initial briefing and transcripts presented to the Bankruptcy Court, the appellate briefing, and the Bankruptcy Court's decision. Having done so, the Court concludes that the Bankruptcy Court did not err in determining that the Debtors received less than reasonably equivalent value in exchange for the transfer or obligation. The Defendant's appeal challenges the amount of weight and credence the Bankruptcy Court gave to the value the debtors received by being allowed to continue the business and elimination of litigation. (Dkt. 5.) The Bankruptcy Court's decision discussed the Defendant's "indirect benefits" argument and weighed-in the value received by the Debtors in the additional time they were allowed from the transfers to try and save Action AG. (Dkt. 7-1 at 224-25.) Having considered the Defendant's contentions and the entire record herein, this Court holds that the Bankruptcy Court correctly concluded that any value received by the Debtors from the transfers was not reasonably equivalent to the value transferred. (Dkt. 7-1 at 225.)

The reasonably equivalent value determination is made from the point of view of the debtors' creditors and focused on the net effect of the transfers on the debtors estate. *See Frontier Bank v. Brown (In re N. Merch., Inc.)*, 371 F.3d 1056, 1058-59 (9th Cir. 2004). Here, the Debtors' estate was reduced in value by the transfers and any value the Debtors received from the transfers, including any indirect benefits, was not shown to be reasonably equivalent to the value transferred.

**MEMORANDUM DECISION AND ORDER** - Page 4
16orders/floyd_order

This Court also reviewed *In re Jordan*, 392 B.R. 428 (D. Idaho July 1, 2008) which Defendant relies on in his appeal brief. (Dkt. 5 at 3.) In *Jordan* the Bankruptcy Court considered the totality of the circumstances and the entirety of the economic transaction when determining reasonably equivalent value of a transfer. In doing so, the *Jordan* court recognized that "[r]easonable equivalence can clearly include the elimination of claims or litigation" and that the debtors in that case received "other benefits, such as the elimination of Defendant's litigation claims, that must be included." *Id.* at 442-45. The Bankruptcy Court's decision in this case correctly applied the principles in *Jordan*.

Having conducted a *de novo* review of the applicable law and considered the factual findings of the Bankruptcy Court for clear error, this Court finds the Bankruptcy Judge's decision is consistent with this Court's own view of the record and law in this case. Therefore, the Court will affirm the Bankruptcy Court's decision denying injunctive relief in this matter.

**2.     Motion for Attorney Fees and Costs**

The Trustee seeks an award of costs and attorney fees on appeal pursuant to Idaho Code §§ 12-120(3) or 12-121; arguing the appeal is frivolous and without a sufficient foundation based in law or fact. (Dkt. 6.) Defendant has not replied to this argument.

Motions for attorney fees are to be made within fourteen days after entry of judgment. D. Idaho Local Civ. R. 54.2. Similarly, taxation of costs are to be filed within fourteen days after entry of judgment. D. Idaho Local Civ. R. 54.1. The Trustee may file such motions as provided for in Local Civil Rules 54.1 and 54.2.

# ORDER

NOW THEREFORE IT IS HEREBY ORDERED as follows:

1. The Bankruptcy Court's decision issued on November 10, 2015, is **AFFIRMED**.

2. Defendant-Appellant's Motion for Relief (Dkt. 4) is **GRANTED**.

DATED: **April 29, 2016**

*[signature]*

~~Honor~~able Edward J. Lodge
U. S. District Judge